UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEE HARMON,

    Plaintiff,

v.                                                           Case No.:  2:20-cv-300-FtM-38MRM

BILL PRUMMELL, CHARLOTTE COUNTY SHERIFF'S OFFICE and CHARLOTTE COUNTY JAIL,

    Defendants.
_____/

### **OPINION AND ORDER**[1]

Before the Court is Plaintiff David Lee Harmon's Motion for Protective Order construed as a motion for a temporary restraining order/ preliminary injunction (TRO) ([Doc. 8](#)) filed on May 12, 2020.  No response has been filed.   For the following reasons, the Court denies the Motion.

Plaintiff, an inmate in the Charlotte County Jail, moves for a TRO claiming that his life is in jeopardy and he has been placed in lock up where no one can see him.  Plaintiff claims that deputies are telling the other inmates he is a confidential informant (CI) and putting his life in danger.  Besides this case, Plaintiff has two other case before this Court. He claims the deputies are telling inmates he is an informant to force him to drop the lawsuits.  Plaintiff says his body is not in good shape and his health is poor.

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 65(b), a temporary restraining order may be granted without notice only if (1) "specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and, (2) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." And before the Court may grant a temporary restraining order, the movant must post security in an amount . . . to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. Fed. R. Civ. P. 65(c). Under M.D. Fla. Rule 4.05(a), "[s]uch orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction."[2] The movant is required to: specifically describe the conduct sought to be enjoined; provide sufficient factual detail so the Court can determine the appropriate amount of security which must be posted by the movant; accompany the motion with a proposed form order; and, attach a supporting legal memorandum. M. D. Fla Rule 4.06(b)(3)(4).

**DISCUSSION**

Upon review of Plaintiff's Motion, the Court finds he has not complied with Fed. R. Civ. P. 65(b) or (c) and M.D. Fla. R. 4.06(b)(3)(4). Plaintiff has not certified why he failed to give notice to Defendants, explained why no deposit is necessary, or named who is

---

[2]Under Local Rule 4.05(b)(4), "The brief or legal memorandum submitted in support of the motion must address the following issues: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any." Local Rule 4.06(b)(1) requires that a party applying for a preliminary injunction must also address these four factors in a brief or legal memorandum.

committing the conduct or what specific conduct he seeks to enjoin.  Nor has Plaintiff established the four prerequisites mandated by the Eleventh Circuit to warrant issuing either a TRO or preliminary injunctive relief.  *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam), *cert. denied*, 534 U.S. 1072 (2001).

Plaintiff only provides a generalized conclusory allegation that his life is threatened because unknown deputies told unknown inmates he is a CI.  Plaintiff does not state he was assaulted by anyone, suffered any previous harm, or received a specific threat to his life.  As a result, Plaintiff has failed to establish a substantial threat of irreparable injury if his TRO is denied.  See *Bilal v. Fennick*, No. 2:16-CV-799-FTM-29CM, 2019 WL 77367, at *2 (M.D. Fla. Jan. 2, 2019) (denying TRO because plaintiff only set forth conclusory allegations).  That said, the Court will direct the Clerk to forward a copy of this Order and Plaintiff's Motion to the Commander of the Charlotte County Jail.

Accordingly, it is now **ORDERED**:

1. Plaintiff David Lee Harmon's Motion for Protective Order construed as a motion for a temporary restraining order/ preliminary injunction (TRO) (Doc. 8) is **DENIED**.

2. The Clerk will forward a copy of this Order and Plaintiff's Motion (Doc. 8) to the Commander of the Charlotte County Jail for any investigations as deemed appropriate.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of May 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies:  All Parties of Record