UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEE HARMON,

    Plaintiff,

v.                                                                                  Case No.:  2:20-cv-300-FtM-38MRM

BILL PRUMMELL, CHARLOTTE
COUNTY SHERIFF'S OFFICE and
CHARLOTTE COUNTY JAIL,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter is before the Court on sua sponte review of the record.  Plaintiff, a pretrial detainee in the Charlotte County Jai,l began this action as a prisoner civil rights suit under 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff also moves to proceed *in forma pauperis*.  Because Plaintiff is proceeding IFP, the Court must review his Complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Under 28 U.S.C. § 1915(e)(2), a court must review a complaint and dismiss it at any time if the case is frivolous or fails to state a claim upon which relief may be granted.  The first standard includes claims based on "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  In making a § 1915(e) review, courts

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

liberally construe *pro se* complaints and hold them to a less stringent standard than pleadings that attorneys draft.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

Plaintiff alleges his "right to freedom of health to be able to not fear where I am" is being violated.  (Doc. 1 at 5).  Plaintiff claims that during the Corona Virus outbreak that not once has anyone at the facility come through and asked how they are doing.  (Doc. 1 at 5).  Plaintiff claims that the deputies do not take an interest in the health of the inmates that not once has anyone taken his temperature, blood pressure, or weight.  (Doc. 1 at 6).   Plaintiff complains that he is older, his health is not good, and he is both a heart and stroke patient and nothing is being done.  (Doc. 1 at 5).  Plaintiff complains that there is no social distancing, instead half of the inmates are confined up 24 hours a day, while the other half is out.  (Doc. 1 at 6).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law.  *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).  A plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Plaintiff fails to state a cognizable claim under § 1983.  Plaintiff sues Charlotte County Sheriff Bill Prummell, the Charlotte County Jail, and the Charlotte County Sheriff's Office.  Under Florida law, sheriff's departments are not legal entities amenable to suit.  See *Williams v. Miami Dade Police Dept.,* 2008 WL 4726101, at *3 (11th Cir. 2008) (citing *Masson v. Miami–Dade County,* 738 So.2d 431, 432 (Fla. 3d DCA 1999)).  Likewise,

Florida law does not recognize a county jail as a legal entity subject to suit. *Donovan v. Parker*, No. 6:10-CV-855, 2010 WL 3259717, at *3 (M.D. Fla. Aug. 16, 2010). Thus, the Charlotte County Sheriff's Office and Jail are dismissed with prejudice. As to Sheriff Prummell, Plaintiff makes no claims alleging how Sheriff Prummell violated his constitutional rights. Thus, Plaintiff fails to state a cognizable claim under § 1983.

Because Plaintiff is proceeding *pro se* he is given leave to file an amended complaint. Plaintiff is cautioned that his amended complaint must comply with the Federal Rules of Civil Procedure. Federal Rules of Civil Procedure 8 and 10 set the minimum requirements for pleadings. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And Rule 10(b) says "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rules 8 and 10 work together and "'require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). Problems arise when a plaintiff does not follow these rules.

And Plaintiff must name as Defendants only those persons responsible for the alleged constitutional violations. Plaintiff should succinctly state what rights under the Constitution, laws, or treaties of the United States were violated in the section entitled

"Statement of Claim." It is improper for Plaintiff merely to list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

And Plaintiff should describe how each named defendant is involved in the alleged constitutional violation(s). Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations must state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others but can be held only responsible if he participated in the deprivation of Plaintiff's constitutional rights or directed such action and/or omission that caused the deprivation. Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Accordingly, it is now **ORDERED:**

Plaintiff David Harmon's Complaint (Doc. 1) is **DISMISSED without prejudice.**

1. Plaintiff's amended complaint must be filed by **June 16, 2020**. **Failure to do so will cause the Court to dismiss this case without further notice**.
2. The Clerk of Court shall provide Plaintiff with a blank standard civil rights form with this case caption and titled "Amended Complaint."

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of June 2020.

*[signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record